FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2007 FEB -9 PM 4:01

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| DONALD MILLER AND CHARLOTTE MILLER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL NO. 2:07CV038 TS<br>) |
| BARD BRACHYTHERAPY, INC.;<br>BARD UROLOGICAL DIVISION;<br>ANAZAO HEALTH<br>CORPORATION;<br>C. R. BARD, INC., and<br>BARD, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

### Nature of Case

1. This lawsuit seeks damages from Defendants resulting from negligent production and distribution of improper brachytherapy implant seeds that were implanted into Plaintiff, Donald Miller's prostate, at a greater radiation dose than was needed or requested.

### Jurisdiction

2. Plaintiffs brings this action pursuant to 28 U.S.C. §1332, based upon diversity of citizenship with the amount in controversy exceeding $75,000.

3. Venue is proper in the Northern District of Indiana as Plaintiffs reside

1

here and the events complained of took place here.

## Parties

4. Plaintiffs DONALD MILLER and CHARLOTTE MILLER adult citizens residing in the City of Kouts, County of Porter, Indiana, and Charlotte Miller being the lawfully wedded wife of Donald Miller.

5. Defendant Anazao Health Corporation is a company domiciled and doing business in Tampa, Florida, and was the corporation that sold the implant seeds.

6. Defendant Bard Brachytherapy, Inc. Is the company domiciled in Carol Stream, Illinois that, according to the product label, manufactured the improper doseage radioactive iodine-125 seed implants that were implanted into Plaintiff, Donald Miller's prostate.

7. Defendants C. R. Bard, Inc.; Bard; and Bard Urological Division, upon information and belief, are the companies and company division responsible for overseeing and directing the manufacturing of the radioactive seed implants for customer Defendant Anazao Health Corporation which in turn distributed them to Porter Memorial Hospital where they were implanted into Plaintiff, Donald Miller.

## Factual Allegations

8. On or about February 9, 2005, one or more of the Defendants received instructions and a request by Plaintiff Donald Miller's doctors to

2

prepare I-125 implant seeds in a specific requested activity.

9. On or about said date, Defendant or more of the Defendants made an error and caused to be manufactured implant seeds of a greater than requested activity which were then distributed to Porter Memorial Hospital.

10. On or about February 16, 2005, the wrong seeds were implanted into Plaintiff Donald Miller and the error was discovered shortly thereafter.

11. Thereafter the Nuclear Regulatory Commission was notified, conducted an investigation and issued violations as a result of the errors.

12. After notification of the mistake, Defendants verified they had in fact manufactured and sent the wrong dose implants and thereafter modified their quality control policies to prevent a future similar occurrence.

13. Following the implant procedure, Plaintiff Donald Miller experienced severe side effects from the radiation over-exposure including but not limited to increased frequency of urination, bleeding upon urination, incontinence, severe burning pain upon urination, inability to sleep, or perform his job or activities of daily living all as a direct and proximate result of the radiation overexposure.

14. Charlotte Miller suffered a loss of consortium of her Husband as a

direct and proximate result of Defendants' wrongful acts and/or omissions.

### Negligence

15. Plaintiffs contend Defendants owed him a duty to: provide proper warnings; properly follow instructions; properly manufacture and distribute the implants as requested; have quality assurance methods in place to prevent this result; manufacture a product that was not unreasonably safe and dangerous and therefore defective; follow prudent practice and industry and governmental standards to assure this result did not happen.

15. Plaintiffs contend that Defendants breached these duties and as a direct and proximate result suffered extensive personal injuries and damages.

### Product Liability

16. Plaintiffs contend that Defendants were manufacturers and/or distributors of the products described herein.

17. Defendants put into the stream of commerce products that were unreasonably dangerous, defective and they reached Plaintiff in an unaltered condition and were utilized as intended by the Defendants.

18. As a direct and proximate result of Defendants' acts and omissions in manufacturing and distributing defective products, Plaintiff Donald

Miller suffered extensive, severe and personal injury as set forth herein.

## Breach of Warranty

19. Plaintiffs contend that Defendants, in the manufacture and distribution of their products had express and implied warranties regarding their product.

20. Defendants breached their warranties to Plaintiff, Donald Miller, and as a direct and proximate result he suffered severe personal injuries and related damages.

## Relief

21. Plaintiffs claim damages for: past, present and future mental and physical pain and suffering; loss of enjoyment of life; direct and indirect economic injury; Plaintiff Charlotte Miller's loss of consortium; temporary and permanent disabilities; past and future medical expenses and for all other relief deemed proper in the circumstances.

WHEREFORE, Plaintiffs pray for a judgment in an amount to reasonably compensate them for their losses and damages and for all other relief deemed proper in the circumstances.

Respectfully submitted,

MARSHALL P. WHALLEY & ASSOCIATES, P.C.

By:_____
MARSHALL P. WHALLEY, #2072-45
ELLEN PARKER, #6524-45
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs by counsel demand Trial by Jury.

Respectfully submitted,

MARSHALL P. WHALLEY & ASSOCIATES, P.C.

By:_____
MARSHALL P. WHALLEY, #2072-45
ELLEN PARKER, #6524-45
Attorney for Plaintiffs
8915 Broadway
Merrillville, IN 46410
(219) 769-2900